| | |
|---|---|
| JEROME DIETZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| v. § | Civil Action No.: 4:18-cv-560-ALM-KPJ |
| § | |
| ZODIAC SEATS US LLC, § | |
| § | |
| Defendant. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Jerome Dietz's ("Plaintiff") Objections to and Motion to Strike Portions of Defendant's Motion for Summary Judgment Evidence (the "Motion") (Dkt. 30), to which Defendant Zodiac Seats US LLC ("Defendant") filed a response (Dkt. 46). In the Motion, Plaintiff moves to strike Defendant's Exhibit A-1 to Defendant's Motion for Summary Judgment (Dkt. 28-2 at 7–8) and references to Defendant's Exhibit A-1 in Defendant's Exhibit A. *See* Dkt. 30.

Upon review of the pleadings and the relevant law, Plaintiff's Motion (Dkt. 30) is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

Plaintiff filed this lawsuit against Defendant alleging violations of The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE ANN. § 21.001, *et seq. See* Dkt. 1.

Defendant filed a Motion for Summary Judgment (the "Motion for Summary Judgment") (Dkt. 28) on July 3, 2019. As evidence supporting the Motion for Summary Judgment, Defendant attached Defendant's Exhibit A-1, which Defendant claims is the spreadsheet it used in conducting

1

the reduction in force that led to Plaintiff's termination (the "RIF Spreadsheet"). *See* Dkt. 28-2. In the Motion, Plaintiff argues Defendant's Exhibit A-1 is misleading and not trustworthy, and thus, the RIF Spreadsheet should be struck, along with all references to the RIF Spreadsheet. *See* Dkt. 30. In response, Defendant argues that an original version of the RIF Spreadsheet was previously produced to Plaintiff (the "Original Spreadsheet"), and the RIF Spreadsheet attached to the Motion for Summary Judgment is merely a "usable version" of the Original Spreadsheet. *See* Dkt. 46.

Plaintiff admits the Original Spreadsheet, as produced, was "largely unusable" in printed form, as it was unreadable without magnification. Dkt. 30-1. Plaintiff further contends the information in the Original Spreadsheet was inaccurate, as it listed the employees' ages as of 2019, instead of 2017, when the termination occurred. *See id*. However, the RIF Spreadsheet attached to Defendant's Motion for Summary Judgment completely omits the column of employees' ages. *See* Dkt. 28-2 at 8. Moreover, Plaintiff argues the RIF Spreadsheet should not be admitted because it was created by Defendant's counsel, and is therefore, not the true spreadsheet used in the reduction in force in April 2017. *See* Dkt. 30. Defendant contends the RIF Spreadsheet attached as Exhibit A-1 was modified from the Original Spreadsheet by deleting the private information of employees not relevant to the case and deleting information that is misleading, such as the employees ages (which are incorrect by two years).

## II. <u>ANALYSIS</u>

A record kept in the regular course of business falls under the relevant hearsay exception when: (1) "the record was made at or near the time by—or from information transmitted by—someone with knowledge;" (2) "making the record was a regular practice of that activity;" (3) "these conditions are shown by the testimony of the custodian or . . . by a certification that complies with Rule 902(11) or (12);" and (4) "the opponent does not show that the source of information or

the method or circumstances of preparation indicate a lack of trustworthiness." FED. R. EVID. 803(6). To authenticate a record without live testimony, a party can offer "a certification of the custodian or another qualified person that complied with a federal statute or rule prescribed by the Supreme Court." *Id*. at 902(11).

Plaintiff argues the business records exception to the hearsay rule should not apply to the RIF Spreadsheet because the RIF Spreadsheet is different from the Original Spreadsheet, thus, showing a lack of trustworthiness. *See* Dkt. 30. In this case, Plaintiff argues that Defendant improperly considered Plaintiff's age in considering his termination, in part because his age is listed on the Original Spreadsheet, which Defendant used in the reduction in force. *See* Dkt. 37. Plaintiff attached another "usable version" of the produced spreadsheet in response to the Motion for Summary Judgment, which also erroneously lists the employees' ages as of 2019. *See* Dkt. 37-26. In contrast, the RIF Spreadsheet attached to Defendant's Motion for Summary Judgment as Exhibit A-1 deletes the column for the employees' ages entirely. *See* Dkt. 28-2 at 8. While Defendant explains that it modified the Original Spreadsheet to omit the incorrect employee ages, the existence of the age column in the spreadsheet is essential to Plaintiff's argument. While the ages in the Original Spreadsheet are not correct, deleting the column in its entirety is inherently misleading. Therefore, the Court finds Plaintiff has demonstrated that the RIF Spreadsheet itself, as well as the method or circumstances in preparing the RIF Spreadsheet, indicate a lack of trustworthiness. Thus, the Court finds that the business records exception to the hearsay rule does not apply to the RIF Spreadsheet.

Because the Court finds the RIF Spreadsheet does not fall under the business records exception to the hearsay rule, the Court finds Exhibit A-1 should be stricken from the record. However, since Plaintiff has provided the Court with a version of the Original Spreadsheet, which

was produced by Defendant and to which no objection has been asserted, the Court will not strike all references to the RIF Spreadsheet. Instead, the Court will interpret references to the RIF Spreadsheet as references to the Original Spreadsheet (Dkt. 37-26).

### III. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's Motion (Dkt. 30) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS THEREFORE ORDERED** that Defendant's Exhibit A-1 (Dkt. 28-2 at 7–8) shall be **STRICKEN** from the record. The Court will interpret any references to Defendant's Exhibit A-1 as a reference to Plaintiff's Exhibit 25 (Dkt. 37-26) in considering Defendant's Motion for Summary Judgment (Dkt. 28).

**So ORDERED and SIGNED this 4th day of February, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE