IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEROME DIETZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-560 |
| | § | |
| ZODIAC SEATS US, LLC | § | |
| | § | |
| Defendant. | § | |

JOINT PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on February 28, 2020, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.   COUNSEL FOR PARTIES**

Plaintiff:

Grace Weatherly (grace@wtwlawfirm.com)
WOOD WEATHERLY TRIAL LAW
3541 Teasley Lane, Suite 100
Denton, Texas 76210
940-565-6565

Defendant:

Paul E. Hash (hashp@jacksonlewis.com)
Wendy Wilkins (wendy.wilkins@jacksonlewis.com)
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201

 B.  STATEMENT OF JURISDICTION

 Jurisdiction in this case is based on Title 28 U.S.C. § 1331 in that the plaintiff brings this action under Title 29 U.S.C. § 621, et seq., Age Discrimination in Employment Act. Jurisdiction is not disputed.

 C.  NATURE OF ACTION

 Plaintiff brings ADEA and Texas Labor Code claims arising from the termination of his employment by Defendant. Plaintiff also alleges retaliation based on his age for Defendant's failure to rehire him. Plaintiff seeks compensatory damages, liquidated damages under federal law and punitive damages under state law.

 D.  CONTENTIONS OF THE PARTIES

 <u>Plaintiff</u>:

 Plaintiff began his employment with Defendant in an entry-level position at the age of twenty-one; he assumed a supervisor position three years later.  Plaintiff contends that over his forty-seven years of employment with Defendant, wherein he worked in various roles and departments, he received favorable performance reviews, pay increases, and promotions, and that he was never disciplined.

 From October 2014, to January 2017, Plaintiff worked as a Fabrication Manager, reporting to Dane Coker ("Coker"), Senior Manager in the Fabrication Department. In January 2017, Plaintiff was moved from his position as a Fabrication Manager to that of a Production Control Manager, a position Plaintiff had twice previously held.

 On April 4, 2017, Defendant terminated Plaintiff as part of a company-wide Reduction in Force. In Production Control, Plaintiff, age sixty-nine, and Scoggins, age fifty-nine, were selected

for termination while Green, age twenty-six, was retained.

After the April 2017 RIF, Defendant posted open jobs and solicited applications for multiple open positions at its Gainesville, Texas facility, including the Fabrication Supervisor position. Although he re-applied for work, he was not rehired.

Additionally, former employees who were terminated in the RIF were called to inquire whether they would like to return to work for Defendant. No one employed by Defendant contacted Plaintiff about returning to work. Defendant did not rehire Plaintiff, but rather, it hired two individuals—both younger than Plaintiff—to fill the Fabrication Supervisor positions.

Defendant:

Zodiac Seats US, LLC ("Zodiac") did not discriminate against Mr. Dietz in its decision to terminate his employment as part of a company-wide reduction in force, and Zodiac did not retaliate against Mr. Dietz for filing a charge with the EEOC and TWCCRD. Due to a downturn in its business, the Company was required to lay off a significant number of its employees in a series of reductions in force. Mr. Dietz was retained during first four reductions in force. As part of a fifth reduction in force, taking place in April 2017, Mr. Dietz was selected for termination because, after an evaluation of his skills and behaviors, his manager, Jeffrey Colbert, determined that Mr. Dietz was one of the lowest scoring individuals in his department. Neither Mr. Colbert nor any other individual involved in this decision took Mr. Dietz's age into account when making this decision.

Zodiac values all of its employees and does not tolerate discrimination or retaliation of any kind. The Company seeks to provide a workplace that is comfortable and productive for all employees, and to that end, it has adopted policies prohibiting discrimination and

retaliation. Zodiac treats all of its employees equally, regardless of age, and ZSUS adamantly denies that it has discriminated against against Mr. Dietz.

Zodiac did not retaliate against Mr. Dietz because he filed a charge of discrimination. Mr. Dietz has never, since his separation from employment, properly submitted an application for employment for any specific open position under the Zodiac application process required of all applicants. Because he has never properly submitted an application, Zodiac did not consider Mr. Dietz for any open positions; this had nothing to do with the fact that Mr. Dietz filed a charge of discrimination after he was discharged by Zodiac.

### E.  STIPULATIONS AND UNCONTESTED FACTS

1. All administrative prerequisites to the filing of suit have been met.

2. The Court has jurisdiction over this matter and the parties, and venue is proper in this Court.

3. Defendant is a domestic limited liability company authorized to conduct business in its principal place of business in Gainesville, Cooke County, Texas.

4. At all relevant times and in April 2017, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of the ADEA and TCHRA.

5. At all relevant times and in April 2017, Defendant employed more than 500 full-time employees.

6. Dietz was employed by Defendant within the meaning of the ADEA and the TCHRA at the time of his discharge.

7. Plaintiff was a full-time employee of Defendant from August 4, 1969 through February 26, 2004 and again from March 23, 2004 to April 4, 2017. Defendant terminated Dietz's employment on Tuesday, April 4, 2017.

8. In April 2017, Jeffrey Colbert was Defendant's Senior Manager for Production Control.

9. In April 2017, Gil Newman was Defendant's Senior Human Resources Manager.

10. In April 2017, Dee Robinson was Defendant's Vice President of Human Resources.

11. In April 2017, Dane Coker was Defendant's Director of Fabrication.

12. On April 4, 2017, Gil Newman and Jeffrey Colbert informed Dietz of his discharge.

13. At the time of his discharge, Plaintiff's annual salary was $95,276.03.

### F. CONTESTED ISSUES OF FACT AND LAW

*Contested issues of law include:*

1. Whether Dietz was discriminated against because of his age?

2. Whether Dietz was retaliated against by Defendant's failure to rehire him.

3. Whether Dietz's layoff was based on legitimate, non-discriminatory business reasons.

4. Whether Dietz was not rehired because he failed to properly apply for a position with ZSUS.

5. Whether Dietz's age was the reason for Dietz's discharge.

6. Whether ZSUS retaliated against Dietz for any alleged complaint about age discrimination made by Dietz.

7. Whether Dietz engaged in any activity protected by ADEA.

8. Whether Dietz engaged in any activity protected by the TCHRA.

9. Whether a causal connection existed between Dietz engaging in protected activity and Defendant not rehiring him for another position.

*Contested issues of fact include:*

1. Whether Mr. Dietz was discriminated against because of his age.

2. Whether Mr. Dietz was retaliated against for filing a charge of discrimination with the EEOC and TWCCRD.

3. Whether Jeffrey Colbert took Dietz's age into consideration in his decision to terminate Dietz's employment.

4. Whether Jeffrey Colbert knew that Dietz had filed a charge of discrimination against

      ZSUS alleging age discrimination.

5. Whether Jeffrey Colbert considered Dietz for a position after he was discharged.

6. Whether Dietz properly submitted an application for employment to Defendant after the date of his discharge.

7. Whether ZSUS failed to rehire Dietz because of his age.

8. Whether ZSUS failed to rehire Dietz because he engaged in protected activity.

9. Whether the reduction in force was pretext for the discriminatory purpose of Dietz's termination.

10. Whether Dietz failed to mitigate his damages.

11. Whether Dietz is entitled to back pay and front pay for lost compensation that he would have received but for Defendant's discriminatory practices.

12. Whether Defendant willfully violated the ADEA such that Dietz is entitled to liquidated damages.

13. Whether Defendant engaged in a discriminatory practice with malice or reckless indifference to Dietz's legally protected rights.

14. Whether Dietz is entitled to compensatory damages for emotional distress, humiliation, embarrassment, and anguish.

15. Whether Dietz was discharged for legitimate, non-retaliatory reasons.

16. Whether Dietz is entitled to his taxable costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other out-of-pocket costs, as well as pre-judgment and post-judgment interest, as provided by law.

17. Whether Dietz was not recalled after layoff because of his age.

### G.    LIST OF WITNESSES

    <u>Plaintiff *will* call the following witnesses to testify at trial:</u>

        1. Terry Cason

        2. Terry Hess

        3. Alan Keats

4. Greg Scoggins

5. Steve Smith

6. Steve Stares

7. Shawn Vincent

8. Larina Young

9. Jeff Colbert

10. Dane Coker

11. Gill Newman

12. Chase Green

13. Jannell Shannon

14. Rick Harris

15. Ken Wallace

16. Lee Geoffery

17. Craig Carpenter

18. Doug Mankin

19. Dianna Bonn

20. Karen Tomhinson

21. Roy Sewell

Plaintiff *may* call the following witnesses to testify at trial:

Plaintiff's Witness List will be attached as **Exhibit A**.

Defendant *will* call the following witnesses to testify at trial:

1. Gil Newman

2. Jeffrey Colbert

    3. Dane Coker

    4. Dee Robinson

<u>Defendant *may* call the following witnesses to testify at trial:</u>

    1. Chase Green

    2. Greg Scoggins

Defendant's Witness List will be attached as **Exhibit B**.

Those whose testimony Plaintiffs may present by their deposition at trial:

  None.

Those whose testimony Defendant may present by their deposition at trial:

  None.

**H.**    **LIST OF EXHIBITS**

    Plaintiff's Exhibit List will be attached as **Exhibit C**.

    Defendant's Exhibit List will be attached as **Exhibit D**.

    Joint Exhibit List will be attached as **Exhibit E**.

**I.**    **LIST OF ANY PENDING MOTIONS**

    1.    Plaintiff's Motion to Exclude Evidence, or, in the Alternative, Motion in Limine (Document 51)

    2.    Report and Recommendations of United States Magistrate Judge (Document 52)

**J.**    **PROBABLE LENGTH OF TRIAL**

    The probable length of trial on the issues presently before the Court is four (4) days.

K.  **MANAGEMENT CONFERENCE LIMITATIONS**

    None.

L.  **CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3) Each exhibit in the List of Exhibits herein:
   a. is in existence;
   b. is numbered; and
   c. has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff(s):   /s/ Grace Weatherly
Grace Weatherly
State Bar No. 00788632
grace@wtwlawfirm.com
WOOD WEATHERLY TRIAL LAW
3541 Teasley Lane, Suite 100
Denton, Texas 76210
(940) 565-6565
(940) 566-6673 Fax

Attorneys for Defendant(s):   /s/ Paul Hash
Paul E. Hash
State Bar No. 09198020
paul.hash@jacksonlewis.com

Wendy Wilkins
State Bar No. 24095715

---

wendy.wilkins@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
(214) 520-2400
(214) 520-2008

This Joint Pre-Trial Order is hereby approved this ____ day of February, 2020.

_____
United States District Judge